UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JAMES A. HENDERSON                           CIVIL ACTION NO. 25-1365

                                             SECTION P

VS.

                                             JUDGE TERRY A. DOUGHTY

WARDEN SAVAGE, ET AL.                        MAG. JUDGE KAYLA D. MCCLUSKY

REPORT AND RECOMMENDATION

Plaintiff James A. Henderson, a prisoner at Riverbend Detention Center proceeding pro

se, filed this proceeding on approximately September 5, 2025, under 42 U.S.C. § 1983.  He

names the following defendants: Warden Savage, Head Nurse Lenda, Captain Frost, and Sheriff

W. Williams.[1]

Plaintiff moves for a temporary restraining order and a preliminary injunction.  [doc. # 5].

For reasons that follow, the Court should deny Plaintiff's motions.

Background

Plaintiff alleges that on September 10, 2025, after he filed this proceeding, Warden

Savage called him out of his dormitory "to attend a personal meeting with him about his name

being mentioned" in this lawsuit.  [doc. # 5, p. 1].  In the meeting, Plaintiff told Warden Savage

that no one has answered his sick call forms, that his medication has not been filled, and that his

eyesight is gradually deteriorating.  *Id.* at 1-2.  Plaintiff suggests that because he filed this suit,

Warden Savage retaliated by (1) meeting with him; (2) asking him which parish he came from;

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

(3) telling Plaintiff that he will not return to West Baton Rouge Parish; (4) telling Plaintiff in an angry tone of voice that he has handled matters like this before; (5) instructing Plaintiff to return to his dormitory; and (6) inquiring with a nurse about Plaintiff's unanswered sick calls.  *Id.* at 1-2.

Plaintiff states that he is "seriously scared for [his] life after having a warden mad and questioning [him] about this matter." *Id.* at 2.  He appears to ask this Court to order Warden Savage not to retaliate against him or harass him.  *Id.*

## Law and Analysis

A litigant moving for a preliminary injunction or temporary restraining order must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001).  "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

Further, under Federal Rule of Civil Procedure 65(b), a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

Here, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction because he does not demonstrate a substantial likelihood of success on the merits.

To prevail on a retaliation claim, a plaintiff must prove: (1) the exercise of a specific constitutional right; (2) the defendants' intent to retaliate for the exercise of that right; (3) a retaliatory adverse act; and (4) causation, which in this context means that, but for the retaliatory motive, the complained of incident would not have occurred.  *McDonald v. Steward*, 132 F.3d 225, 2331 (5th Cir. 1998).  Courts must "carefully scrutinize" retaliation claims to "assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them."  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).[2]

A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred.  *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). "Mere conclusory allegations of retaliation are insufficient[,] . . . a plaintiff must allege more than his personal belief that he has been the victim of retaliation."  *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).  With respect to the third prong above, "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights."  *Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013).

Here, the warden's alleged actions are not "capable of deterring a person of ordinary firmness from further exercising his constitutional rights."  To reiterate, Plaintiff suggests that Warden Savage retaliated by (1) meeting with him; (2) asking him which parish he came from; (3) telling him that he will not return to West Baton Rouge Parish; (4) telling Plaintiff in an angry tone that he has handled matters like this before; (5) instructing Plaintiff to return to his dormitory; and (6) inquiring with a nurse about Plaintiff's unanswered sick calls.  *Id.* at 1-2.

---

[2] "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties.  Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."  *Id.* (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

The final action listed above indicates that the warden attempted to help Plaintiff obtain medical care.  The first, second, and fifth acts above are rather innocuous.  As to the remaining actions, the warden at worst (i) informed Plaintiff that he would not return to West Baton Rouge Parish, where Plaintiff stated he wanted to return for help with his "condition," and (ii) angrily told Plaintiff that he had handled similar matters before.  [doc. # 5, p. 2].  The former statement, however, is ambiguous and devoid of context; the undersigned is unable to decipher the statement's meaning or import.  And the latter statement is vague and ambiguous because the warden did not specify the "similar matters" to which he referred.

Using an angry tone of voice, ambiguously stating that he handled similar matters before, and informing Plaintiff that he would not return to West Baton Rouge Parish, do not (even combined) amount to retaliatory adverse acts.  *See Gibson v. Jean-Baptiste*, 802 F. App'x 858, 859 (5th Cir. 2020) ("[T]his court has long held that mere threatening language and gestures of a custodial office[r] do not, even if true establish Section 1983 liability.") (quotation marks and quoted sources omitted); *Petzold v. Rostollan*, 946 F.3d 242, 254 (5th Cir. 2019) (concluding that alleged retaliatory actions were de minimis because the inmate suffered no "serious consequences").  Consequently, Plaintiff does not demonstrate a substantial likelihood of success on the merits of this retaliation claim.

**<u>Recommendation</u>**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff James A. Henderson's motions for a temporary restraining order and a preliminary injunction, [doc. # 5], be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

4

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of October, 2025.

_____

Kayla Dye McClusky
United States Magistrate Judge