**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JAMES A. HENDERSON** | **CIVIL ACTION NO. 3:25-1365** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN SAVAGE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff James A. Henderson, a prisoner at Riverbend Detention Center ("RDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately September 11, 2025, under 42 U.S.C. § 1983. He names the following Defendants: Warden Savage, Head Nurse Lenda, Captain Frost, and Sheriff W. Williams.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff first claims that he is confined in unsanitary conditions at RDC and is exposed to rust, mold, leaking showers, and toilets which do not flush correctly. [doc. # 1, p. 3].

Plaintiff next states that he had shingles which caused severe pain in the top of his head. [doc. # 1, p. 3]. He claims that he had to wait one week to receive medical care. *Id.* He was short of breath "before they did anything about" his condition. [doc. # 23, p. 4]. On August 8, 2025, after one week of suffering from shingles, staff rushed him to an emergency room, where a physician prescribed him pain medicine for his severe pain. [doc. # 1, pp. 3-4]. He knows "they

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

could have" brought him to a doctor earlier. [doc. # 23, p. 3]. He submitted "doctor slips" every day the week he suffered from pain, but he did not receive a response. *Id.* Plaintiff claims that he did not receive the prescribed pain medicine or any other medicine for severe pain. [doc. # 1, p. 3].

In an amended pleading, Plaintiff states that because his shingles spread to his eye, he is now unable to read without glasses. [doc. # 23, p. 3]. He "lost a lot of eyesight" while waiting for a physician. *Id.*

Plaintiff next states that he was prescribed allergy and stool medicine when he was confined in West Baton Rouge Prison. [doc. # 1, p. 4]. He claims that he did not receive the prescribed medications at RDC. *Id.* In his amended pleading, Plaintiff alleges that he wrote requests to Warden Savage and Captain Frost four times about his "medicine not being taken care of here by Mrs. Tasha[,]" but neither responded. [doc. # 23, p. 3]. Plaintiff suggests that his requests to Savage and Forst concerned his lack of his prescription allergy and stool medicine. *Id.*

On July 9, 2026, Plaintiff filed an amended pleading. [doc. # 23]. He raises new allegations about his conditions of confinement, including that he has not had enough time in "GED school" at the facility, that he has not received enough help with his GED, that the GED teacher does not give enough of his time to inmates and does not provide legible homework, that the dormitory for the GED program lacks tables and air conditioning, that there are one hundred men in a dormitory sized for 70 people, that inmates sleep on the floor in the dormitory, and that it is too crowded and noisy to read and study. *Id.* at 2-3.

In his amended pleading, Plaintiff claims for the first time that he monitors his blood sugar and that "Mrs. Tasha took [him] off of A1C check[,]" and now he has a bad rash on his

back side. [doc. # 23, p. 4]. He adds: "I have been to see the doctor for it and they did not look to see how bad it had gotten or they didn't give me meds to treat it. [sic]." *Id.* Plaintiff does not know if his rash is a "diabetic rash or shingles trying to come back up." *Id.* He sent request forms to the warden and to Captain Frost, but they did not respond.

Plaintiff claims that all his legal mail was "tampered with" by "these people here." [doc. # 23, p. 4].

According to the Imprisoned Person Locator, Plaintiff is no longer incarcerated. Plaintiff has not updated his address.

For relief, Plaintiff seeks $200,000.00 for mental anguish and a transfer to a "D.O.C. unit" for medical attention. [doc. # 1, p. 5].

## **Law and Analysis**

### **1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a

right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Transfer**

Plaintiff asks the Court to transfer him to a different facility. A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL

3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. § 15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss his request for a transfer.

**3. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Apart from a transfer, Plaintiff seeks only monetary compensation.

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404

F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action when he was incarcerated. [doc. #s 1, p. 2; 1-2]. As to all his claims—excepting his claim concerning his lack of medical care for his shingles pain—Plaintiff seeks monetary compensation for only mental, emotional, or de minimis physical injuries he suffered while in custody.

At best, Plaintiff states that he experienced a rash of unknown origin. However, under Plaintiff's allegations, his rash did not a constitute greater-than-de-minimis physical injury. *See Holder v. Hebert*, 2007 WL 4299996, at *3 (W.D. La. Nov. 8, 2007) (finding that a rash on the plaintiff's legs caused by conditions in a shower was de minimis); *Gins v. J.B. Evans Corr. Ctr.*, 2009 WL 196199, at *4 (W.D. La. Jan. 23, 2009) (finding that a nonspecific rash "sustained as a result of taking cold showers" was de minimis); *Perez v. Richland Par. Det. Ctr.*, 2019 WL 6038031, at *10 (W.D. La. Oct. 24, 2019), *report and recommendation adopted,* 2019 WL 6003241 (W.D. La. Nov. 13, 2019) (finding that a heat rash was de minimis).[3]

[3] *See also Bryant v. Lafourche Par. Det. Ctr.*, 2010 WL 1980207 (E.D. La. May 14, 2010) (finding that a rash and stomach aches from unclean water were de minimis); *Galo v. Blanco*, 2006 WL 2860851, at *4 (E.D. La. Oct. 4, 2006) (a "few scrapes and a rash" were de minimis); *McFarland v. Brooks*, 2016 WL 1091096, at *9 (N.D. Miss. Mar. 21, 2016) (rash and loss of leg hair were de minimis); *Ervin v. Hill*, 2005 WL 3742791, at *3 (N.D. Tex. Nov. 10, 2005) ("conclusory assertions" that inmate needed treatment "for cuts, rashes, cold and flu-like symptoms, infection, and migraine headaches" because he was exposed to "a staph-infected environment" were "insufficient to establish 'physical injury' under the PLRA"); *Myers v. Valdez*, 2005 WL 3147869 (N.D. Tex. 2005) (finding an "extreme rash" de minimis); *Crawford v. Epps*, 2015 WL 5178125, at *7 (N.D. Miss. Sept. 4, 2015) ("sunburn-like rash lasting two days (from being sprayed with a chemical agent)"); *Collins v. Caskey*, 2009 WL 2368578, at *4 (S.D. Miss. July 29, 2009) (rash on the small of the plaintiff's back that spread to his arms and legs); *Stanberry v. Coahoma Cnty. Jail*, 2009 WL 1766819, at *1 (N.D. Miss. June 22, 2009) (rash caused by ant bites); *McClain v. Wilkinson*, 2008 WL 1860203, at *7 (W.D. La. Apr. 4, 2008) (rashes, sores, weight loss, flaking skin, scabs, and a boil from the denial of a shower for one

Plaintiff does not present a prior showing of physical injury or the commission of a sexual act as defined in 18 U.S.C. § 2246. Thus, he may not recover compensation for mental or emotional injuries. In addition, Plaintiff does not allege that he suffered any other injuries or damages compensable by monetary relief.

Accordingly, the Court should dismiss Plaintiff's request for compensatory relief. As Plaintiff does not seek any other cognizable relief for his claims,[4] the Court should dismiss them.

**4. Identifying a Defendant**

Plaintiff had shingles which caused severe pain in the top of his head. He claims that he had to wait one week to receive medical care. He was short of breath "before they did anything about" his condition. On August 8, 2025, after one week of suffering from shingles, staff rushed him to an emergency room, where a physician prescribed him pain medicine for his severe pain. He knows "they could have" brought him to a doctor earlier. He submitted "doctor slips" every day the week he suffered from pain, but he did not receive a response. Plaintiff claims that he did not receive the prescribed pain medicine or any other medicine for severe pain. In an amended pleading, Plaintiff states that because his shingles spread to his eye, he is now unable to read without glasses. He "lost a lot of eyesight" while waiting for a physician.

Plaintiff, however, does not identify a responsible defendant. He named several Defendants in his pleadings, but he does not address how they were personally involved.

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or

---

week were de minimis); *Tucker v. Dallas Cnty. Sheriff*, 2006 WL 536188, at *2 (N.D. Tex. Jan. 24, 2006) (rashes and vomiting from unsanitary showers).

[4] As above, the undersigned recommends dismissing Plaintiff's request for a transfer.

immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Plaintiff does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). The Court disregards bare assertions of collective responsibility unsupported by concrete factual allegations. *See Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021); *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

Accordingly, the Court should dismiss these claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff James A. Henderson's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of August, 2026.

Kayla Dye McClusky
United States Magistrate Judge